1  John Houston Scott (SBN 72578)
   Lizabeth N. de Vries (SBN 227215)
2  **THE SCOTT LAW FIRM**
   1375 Sutter, Suite 222
3  San Francisco, CA 94109
   Tel:  415.561.9600
4  Fax: 415.561.9609

5  Randolph Daar (SBN 88195)
   **ATTORNEY AT LAW**
6  506 Broadway Street
   San Francisco, CA 94133
7  Tel:  415.986.5591
   Fax: 415.421.1331
8
   Attorneys for Plaintiff,
9  NELSON GONZALES

10

11            **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13  NELSON GONZALES,

14          Plaintiff,                            Case No.:

15  v.

16  MICHAEL NOVOSEL, R. CARLINO, S.               **COMPLAINT FOR DAMAGES**
    CURMI, A. BORDIGON, J. FUKUSHIMA              **[42 U.S.C. Section 1983]**
17  and DOES 1-25, inclusive.
                                                  **JURY TRIAL DEMANDED**
18          Defendants.

19

20

21

22

23

24

25

26

27

28

                              COMPLAINT

F \Cases\Cases - Active\Gonzales, Nelson\Pleadings\Complaint v3 091007 doc

1    COMES NOW PLAINTIFF, NELSON GONZALES, who complains of Defendants, and

2    each of them, and alleges as follows:

### I.    JURISDICTION AND VENUE

1.    This action arises under Title 42 of the United States Code § 1983.  Jurisdiction is

conferred pursuant to Title 28 of the United States Code §§1331 and 1343.

### II.    VENUE

2.    The claims alleged herein arose in the County of San Mateo in the State of

California.  Venue for this action lies in the United States District Court for the Northern District

of California.  28 U.S.C. §1391 (b)(2).

### III.    PARTIES

3.    Plaintiff, NELSON GONZALES, is presently a resident of the County of San

Mateo, State of California.

4.    Defendant MICHAEL NOVOSEL is and at all times mentioned herein was a

police officer employed by the California Highway Patrol and acted within the course and scope

of his employment.  Accordingly, said defendant can be indemnified by his employer pursuant to

Government Code § 825 et. seq.

5.    Defendants R. CARLINO, S. CURMI, A. BORDIGON and J. FUKUSHIMA are

and at all times mentioned herein were police officers employed by the South San Francisco

Police Department and acted within the course and scope of their employment.  Accordingly, said

defendants can be indemnified by their employer pursuant to Government Code § 825 et. seq.

6.    Defendants DOES 1 through 25, and each of them, were responsible in some

manner for the injuries and damages alleged herein.  The true names and capacities of defendants

DOES 1 through 25, and each of them, are presently unknown to plaintiff.  Plaintiff is informed

1

THE SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

1    and believes and thereupon alleges upon information and belief that each of them is responsible,

2    in some manner, for the injuries and damages alleged herein.  Plaintiff therefore designates

3    defendants DOES 1 through 25 by such fictitious names and when their names have been

4    ascertained, plaintiff will amend this complaint to allege their true names and capacities.

5

6                              **IV.    STATEMENT OF FACTS**

7        7.        On or about August 13 and 14, 2006, plaintiff Nelson Gonzales rented a room at

8    the La Quinta hotel in South San Francisco.  On the evening of August 14, 2006, he became

9    involved in a dispute with the management regarding payment for the room for a second night.

10   The management called the police.

11       8.        Defendants R. CARLINO, S. CURMI, A. BORDIGON and J. FUKUSHIMA of

12   the South San Francisco Police Department arrived at the hotel on August 14, 2007 at

13   approximately 9:30 p.m.  It was obvious that Mr. Gonzales was experiencing mental and

14   emotional problems. He was in a confused and vulnerable state.

15

16       9.        The police entered the room using a management pass key.  There was no attempt

17   made by the police to provide Mr. Gonzales medical care or treat the situation as a medical

18   emergency.  Instead, the police rushed *en masse* at Gonzales and physically attacked him.  Mr.

19   Gonzales was seriously beaten and injured by defendants R. CARLINO, S. CURMI, A.

20   BORDIGON and J. FUKUSHIMA.

21

22       10.       The force used was excessive and the injuries were extensive.  Mr. Gonzales was

23   brought to Mills-Peninsula Hospital emergency room at approximately 11:00 p.m.  He was later

24   admitted that night to the hospital and treated for several injuries including psychosis and post-

25   concussive syndrome as a result of being hit in the head.

26

27

28

COMPLAINT

THE SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

11.     At the time of the hospital admission defendant A. BORDIGON completed a detention certificate indicating that he was releasing plaintiff from custody because he was "satisfied there are insufficient grounds for making a criminal complaint against the person arrested." This was done primarily because the defendants sought to avoid financial responsibility for plaintiff's hospital and medical expenses. As a result, the plaintiff was admitted to the hospital as "Self-Pay."

12.     Mr. Gonzales was treated in the hospital for psychosis, post-concussive syndrome and other serious injuries. He was discharged on the afternoon of August 18, 2006. Since Gonzales did not have medical insurance, and the SSF police did not put a hold on him, he was discharged in a confused, vulnerable and traumatized state.

13.     Mr. Gonzales remained confused and traumatized after his release. He was still in need of medical care, treatment and close supervision.

14.     On August 19, 2006, at approximately 1:00 a.m. (within hours of his release) CHP Officer MICHAEL NOVOSEL attempted to pull over the Honda vehicle Mr. Gonzales was driving. Because of the recent beating by the South San Francisco defendants he fled. Mr. Gonzales attempted to escape for fear of being killed or severely beaten.

15.     A high-speed chase ensued. Eventually, Mr. Gonzales' vehicle crashed at a T-intersection at Green Oaks Drive and Oak Groves Avenue in the City of Atherton. His vehicle left the road and became stuck in a rocky wooded area. Defendant NOVOSEL parked his police car behind Mr. Gonzales' car, preventing any exit.

16.     Soon after the crash, defendant NOVOSEL approached the driver's door. Gonzales was slumped behind the wheel. Gonzales did not respond to NOVOSEL's verbal commands. Without provocation or justification NOVOSEL fired several shots at close range. Three of the shots entered Mr. Gonzales' body. One of the bullets shattered his spine.

3

F:\Cases\Cases - Active\Gonzales, Nelson\Pleadings\Complaint v3 091007.doc

1   17.     Mr. Gonzales is permanently paralyzed from mid-chest down as a result of the gun

2   shot to his spine.

3                           V.     DAMAGES

4   18.     As a result of the acts and omissions alleged herein, the plaintiff has sustained and

5

6   will continue to sustain lost earnings and benefits.  In addition, the plaintiff has suffered and will

7   continue to suffer damage to his earning capacity and quality of life in an amount to be

8   determined according to proof.

9   19.     As a further result of the acts and/or omissions of defendants, and each of them,

10  the plaintiff has incurred and will incur in the future medical, life care and related expenses, in an

11  amount to be determined according to proof.

12  20.     As a further result of the acts and/ or omissions alleged herein, the plaintiff has

13  suffered and will continue to suffer medical complications, bed sores, infections, physical pain

14

15  and emotional distress in an amount to be determined according to proof.

16  21.     The acts and/or omissions of the individual defendants, and each of them, were

17  willful, wanton, reckless, malicious, and oppressive.

18  22.     The plaintiff was required to retain counsel and is entitled to costs and attorneys'

19  fees should he prevail in this action.

20

21                    VI.     FIRST CAUSE OF ACTION
                        [42 USC § 1983 – Excessive Force]
22

23  23.     The plaintiff hereby re-alleges and incorporates by reference as though fully set

24  forth herein all prior paragraphs of this Complaint.

25  24.     In doing the acts and/or omissions alleged herein, Defendants MICHAEL

26  NOVOSEL, R. CARLINO, S.CURMI, A. BORDIGON and J. FUKUSHIMA and Does 1 - 25,

27  and each of them, acted under color of authority and/or under color of law.

28

THE SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

4

COMPLAINT

THE SCOTT LAW FIRM
1375 SUTTER STREET, SUITE 222
SAN FRANCISCO, CA 94109

1    25.    In doing the acts and/or omissions alleged herein, Defendants used excessive and

2    unreasonable force against Nelson Gonzales in violation of his rights under the Fourth and

3    Fourteenth Amendments to the United States Constitution.

4    WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

5    **PRAYER FOR RELIEF**

6    WHEREFORE, plaintiff prays for judgment against defendants, as follows:

7    1.    For compensatory and economic damages according to proof;

8    2.    For general damages according to proof;

9    3.    For punitive damages against the individual defendants according to proof;

10   4.    For an award of attorneys' fees and costs;

11   5.    For prejudgment interest; and

12   6.    For other and further relief as the Court may deem just, necessary and appropriate.

Dated: September ___, 2007                                    THE SCOTT LAW FIRM

By_____
John Houston Scott
Attorneys for Plaintiff

**JURY DEMAND**

PLAINTIFF hereby requests a jury a trial for all claims for which he is entitled to one.

Dated: September ___, 2007                                    THE SCOTT LAW FIRM

By_____
John Houston Scott
Attorneys for Plaintiff

5

COMPLAINT

F:\Cases\Cases - Active\Gonzales, Nelson\Pleadings\Complaint v3 09\007.doc