1 | Kimberly E. Colwell, Esq. (SBN: 127604)
kcolwell@meyersnave.com
2 | Tricia L. Hynes, Esq. (SBN: 212550)
thynes@meyersnave.com
3 | MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
4 | Oakland, CA 94607
Telephone: (510) 808-2000
5 | Facsimile: (510) 444-1108

6 | Attorneys for Defendants
OFFICER RON CARLINO, OFFICER SEAN CURMI,
7 | OFFICER ANTHONY BORDIGON and OFFICER JASON FUKUSHIMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| NELSON GONZALES, | Case No: C07-04720 JL |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANTS OFFICER RON CARLINO, OFFICER SEAN CURMI, OFFICER ANTHONY BORDIGON AND OFFICER JASON FUKUSHIMA'S ANSWER TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:** |
| MICHAEL NOVOSEL, R. CARLINO, S. CURMI, A. BORDIGON, J. FUKUSHIMA and DOES 1-25, inclusive, | |
| Defendants. | **1. Violations of 42 U.S.C. § 1983** |

COMES NOW OFFICER RON CARLINO, OFFICER SEAN CURMI, OFFICER ANTHONY BORDIGON and OFFICER JASON FUKUSHIMA (hereinafter "Defendants") who answer Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

1.  In answer to paragraph 1, Defendants admit that this Court has jurisdiction over Plaintiff's federal and pendant state law claims.

**VENUE**

2.  In answer to paragraph 2, Defendants admit that venue is proper.

**PARTIES**

3   In answer to paragraph 3, Defendants deny the allegations contained therein based on a lack of information and belief.

4.   In answer to paragraph 4, Defendants deny the allegations contained therein based on a lack of information and belief.

5.   In answer to paragraph 5, Defendants admit that the officers named therein were employees of the South San Francisco Police Department and were acting in the course and scope of their employment.

6.   In answer to paragraph 6, Defendants deny the allegations contained therein based on a lack of information and belief.

## STATEMENT OF FACTS

7.   In answer to paragraph 7, Defendants admit the incident occurred on August 14, 2006 and that Plaintiff became engaged in a dispute with management for which the police were called. Defendants deny the remaining allegations contained therein based on a lack of information and belief.

8.   In answer to paragraph 8, Defendants admit that the officers responded to the hotel and that Plaintiff was hostile and under the influence. Defendants deny the remaining allegations contained therein based on information and belief.

9.   In answer to paragraph 9, Defendants deny the allegations contained therein.

10.  In answer to paragraph 10, Defendants admit they took Plaintiff to the hospital for evaluation and that he was held by the hospital because he was a danger to himself or others. Defendants deny the remaining allegations contained therein based on information and belief.

11.  In answer to paragraph 11, Defendants admit the hospital decided to hold Plaintiff as a danger to himself or others and that Officer Bordigan filled out an 849(b)(1)PC form. Defendants deny the remaining allegations contained therein based on information and belief.

12.  In answer to paragraph 12, Defendants deny the allegations contained therein based on a lack of information and belief.

13.  In answer to paragraph 13, Defendants deny the allegations contained therein based on a lack of information and belief.

14.  In answer to paragraph 14, Defendants deny the allegations contained therein based on information and belief.

15. In answer to paragraph 15, Defendants deny the allegations contained therein based on a lack of information and belief.

16. In answer to paragraph 16, Defendants deny the allegations contained therein based on a lack of information and belief.

17. In answer to paragraph 17, Defendants deny the allegations contained therein based on a lack of information and belief.

## DAMAGES

18. In answer to paragraph 18, Defendants deny the allegations against them contained therein and deny the allegations against other defendants based on a lack of information and belief.

19. In answer to paragraph 19, Defendants deny the allegations against them contained therein and deny the allegations against other defendants based on a lack of information and belief.

20. In answer to paragraph 20, Defendants deny the allegations against them contained therein and deny the allegations against other defendants based on a lack of information and belief.

21. In answer to paragraph 21, Defendants deny the allegations contained therein.

22. In answer to paragraph 22, Defendants deny the allegations contained therein.

## FIRST CAUSE OF ACTION

### [42 USC Section 1983 – Excessive Force]

23. In answering paragraph 23, Defendants reallege their answers to paragraphs 1 through 22 with the same force and effect as if they were herein set out in full.

24. In answer to paragraph 24, Defendants deny the allegations contained therein, but admit that the South San Francisco Defendants were acting in the course and scope of their employment and under color of authority.

25. In answering paragraph 25, Defendants deny the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants, and each of them, at all times, acted in good faith, without malice and within the scope and course of their employment, and under the reasonable belief that their actions were lawful.

Accordingly, Defendants and each of them are entitled to state and federal qualified immunity herein.

### THIRD AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's claims are founded upon principals of negligence, Plaintiff were negligent in and about the matters referred to in the Complaint. Such negligence bars or diminishes Plaintiff's recovery against Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to the provisions of California Government Code Sections 820.2 and 815.2.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to the provisions of California Government Code Sections 820.4 and 815.2.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for exemplary damages is precluded under California Government Code Sections 818.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Sections 818.8 and 815.2.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Sections 820.8 and 815.2.

### NINTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Section 821.6 and 815.2.

### TENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Section 822.2 and 815.2.

///
///

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred to the extent he failed to comply with California Government Code Section 900 et seq. or to the extent that he has exceeded the scope of any allegedly filed claim.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants allege that the officers had probable cause to believe that their actions toward the Plaintiff were lawful.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from the claims contained in Plaintiff's Complaint pursuant to the provisions of California Penal Code Section 835.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from the claims contained in Plaintiff's Complaint pursuant to the provisions of California Penal Code Section 835(a).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from the claims contained in Plaintiff's Complaint pursuant to the provisions of California Penal Code Section 836.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from the claims contained in Plaintiff's Complaint pursuant to the provisions of California Penal Code Section 836.5.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendants under 42 U.S.C. §1983 are contrary to law, in that they are founded upon the doctrine of *respondeat superior*. Neither a municipality nor its officers, supervisors, or policymakers can be held liable under 42 U.S.C. § 1983 under a *respondeat superior* theory. (*Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978).)

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendants are informed and believe and thereby allege that Plaintiff's alleged damages or injuries, if any, were aggravated by the failure of Plaintiff and/or other individuals to use reasonable diligence to mitigate those injuries or damages.

///

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants allege that Defendant Officers took reasonable precautions with regard to protecting against any risk of injury complained of by Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff had the express knowledge of the risks and hazards set forth in the Complaint, as well as the magnitude of the risks and hazards and thereafter knowingly and willingly assumed those risks.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff has waived his right to maintain the action filed in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff is barred by the principal of estoppel from maintaining the action filed in this case.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants allege that the officers were privileged to detain the Plaintiff at the time and place alleged.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants allege that the Complaint, and each cause of action thereof, fails to state facts sufficient to constitute an award of attorneys' fees or punitive damages against Defendants.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff was comparatively at fault in the manner and style as set forth in the case of *Li v. Yellow Cab Company*, 13 Cal.3d 804 (1975), and these Defendants pray that any and all damages sustained by said Plaintiff be reduced by the percentage of their negligence.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff is guilty of willful misconduct which contributed to the happening of the incident which resulted in his alleged injuries.

///

///

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's claim for punitive damages is barred by the doctrine enunciated in *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247 (1981).

### JURY DEMAND

Defendants hereby demand trial by jury.

### PRAYER

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of his Complaint and judgment be rendered in favor of Defendants;

2. That Defendants be awarded their costs incurred in the defense of this action; and

3. For such other relief as the Court deems proper.

Dated: November 13, 2007        Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____/s/_____
Kimberly E. Colwell
Attorneys for Defendants
OFFICER RON CARLINO, OFFICER SEAN CURMI, OFFICER ANTHONY BORDIGON and OFFICER JASON FUKUSHIMA

1030091_1