EDMUND G. BROWN JR.
Attorney General of the State of California
PAUL T. HAMMERNESS
Supervising Deputy Attorney General
JOHN P. DEVINE
Deputy Attorney General
State Bar No. 170773
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-3664
  Telephone: (415) 703-5522
  Fax: (415) 703-5480
  Email: john.devine@doj.ca.gov
Attorneys for Defendant Michael Novosel

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NELSON GONZALES,<br><br>                      Plaintiff,<br><br>v.<br><br>MICHAEL NOVOSEL, et al.,<br><br>                      Defendants. | C 07 4720 JL<br><br>**ANSWER TO COMPLAINT BY DEFENDANT CHP OFFICER MICHAEL NOVOSEL**<br><br>**DEMAND FOR JURY TRIAL** |

    COMES NOW Defendant California Highway Patrol Officer Michael Novosel, and, in response to the Complaint for Damages on file herein, admits, denies, and alleges as follows:

1. Answering paragraphs 1 and 2 of the complaint, answering defendant admits that this Court has jurisdiction and that venue in this district and division is proper. The remaining allegations of said paragraphs are conclusions of law which do not require an answer. To the extent that said paragraphs may be deemed to require an answer, answering defendant denies each and every allegation of said paragraphs.

2. Answering paragraph 3 of the complaint, answering defendant has no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, denies each and every allegation of said paragraph of the complaint.

3. Answering paragraph 4 of the complaint, answering defendant admits that the CHP, being a department of the State of California, is a public agency. Answering defendant CHP

Officer Michael Novosel admits that he is a CHP peace officer, and that he was acting within the course and scope of his employment at all times mentioned in the complaint. The remaining allegations of said paragraph are conclusions of law which do not require an answer.

3. Answering paragraphs 5 and 6 of the complaint, answering defendant has no information or belief upon the facts alleged in said paragraphs sufficient to answer the allegations and, on that ground, denies each and every allegation of said paragraphs of the complaint.

4. Answering paragraphs 7, 8, 9, 10, 11, 12, and 13 of the complaint, answering defendant has no information or belief upon the facts alleged in said paragraphs sufficient to answer the allegations and, on that ground, denies each and every allegation of said paragraphs of the complaint.

5. Answering paragraph 14 of the complaint, answering defendant admits that on August 19, 2006, CHP Officer Michael Novosel attempted to pull over a vehicle plaintiff was driving. As to the remaining allegations of said paragraph answering defendant has no information or belief upon the facts alleged in said paragraphs sufficient to answer the allegations and, on that ground, denies each and every allegation of said paragraph of the complaint.

6. Answering paragraphs 15 and 16 of the complaint, answering defendant admits that the vehicle plaintiff was driving crashed at a place located in the City of Atherton. Answering defendant also admits that plaintiff was shot by him. Answering defendant denies each and every remaining allegation of said paragraphs of the complaint.

7. Answering paragraph 17 of the complaint, answering defendant has no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, denies each and every allegation of said paragraph of the complaint.

8. Answering paragraphs 18, 19, 20, 20, 21, and 22 of the complaint, said paragraphs contain conclusions of law and argument which do not require an answer. To the extent that said paragraphs may be deemed to require an answer, answering defendant denies each and every allegation of said paragraphs.

9. Answering paragraphs 23, 24, and 25 of the complaint, said paragraphs contain conclusions

of law and argument which do not require an answer. To the extent that said paragraphs may be deemed to require an answer, answering defendants denies each and every allegation of said paragraphs.

**AS SEPARATE AND AFFIRMATIVE DEFENSES**, defendant CHP Michael Novosel alleges as follows:

AFFIRMATIVE DEFENSE NO. 1.:

The complaint fails to allege facts sufficient to constitute a claim.

AFFIRMATIVE DEFENSE NO. 2.:

The complaint and each cause of action therein are uncertain.

AFFIRMATIVE DEFENSE NO. 3.:

Answering defendant is entitled to qualified and official immunity. Defendant acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. *Saucier v. Katz*, 533 U.S. 194, 201 (2001)*; Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

AFFIRMATIVE DEFENSE NO. 4.:

Plaintiff's own conduct estops plaintiff from claiming the damages alleged in the complaint. The instant action is barred by the doctrine of unclean hands.

AFFIRMATIVE DEFENSE NO. 5.:

All actions taken during the incident complained of were taken in response to an emergency situation.

AFFIRMATIVE DEFENSE NO. 6.:

There was reasonable cause to make the detention or arrest, if any there was, alleged in the complaint. All acts of the defendant, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

1  AFFIRMATIVE DEFENSE NO. 7.:

2  Answering defendant has not deprived any person of any right, privilege or immunity
3  guaranteed by the Constitution or laws of the United States. There has been no deprivation of any
4  right, privilege or immunity guaranteed by the laws or Constitution of the United States.

5  AFFIRMATIVE DEFENSE NO. 8.:

6  Plaintiff herein willingly, voluntarily and knowingly assumed each, every and all the risks
7  and hazards involved in the activities alleged in the complaint.

8  AFFIRMATIVE DEFENSE NO. 9.:

9  Because the complaint are couched in conclusionary terms, all affirmative defenses that may
10 be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert
11 additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is
12 reserved.

13 AFFIRMATIVE DEFENSE NO. 10.:

14 At all relevant times, plaintiff failed to mitigate injury and damages.

15 AFFIRMATIVE DEFENSE NO. 11.:

16 At all relevant times, each defendant acted independently and not in association or concert
17 with or as agent or servant of any other defendant, including any sued herein under fictitious names,
18 or of the employees or agents of other defendants.

19 **WHEREFORE**, answering defendant prays that:

20 1.  Judgment be rendered in favor of defendant CHP Officer Michael Novosel and against
21     plaintiffs; and
22 2.  Plaintiff take nothing by the instant complaint; and
23 3.  Defendant CHP Officer Michael Novosel be awarded costs of suit incurred herein; and
24 4.  Defendant CHP Officer Michael Novosel be awarded such other and further relief as the
25     Court may deem necessary and proper.

26

27

28

1  Dated: November 28, 2007

2  Respectfully submitted,

3  EDMUND G. BROWN JR.
Attorney General of the State of California

4  PAUL T. HAMMERNESS
Supervising Deputy Attorney General

5

6

*/s/ John P. Devine*

7  JOHN P. DEVINE
Deputy Attorney General

8  Attorneys for Defendant Michael Novosel

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28