|   |   |
|---|---|
| John Houston Scott (SBN 72578)<br>Lizbeth N. de Vries (SBN 227215)<br>**SCOTT LAW FIRM**<br>1375 Sutter, Suite 222<br>San Francisco, CA 94109<br>Tel: 415.561.9600<br>Fax: 415.561.9609<br>john@scottlawfirm.net<br>liza@scottlawfirm.net<br><br>Attorneys for Plaintiff,<br>NELSON GONZALES<br><br>Randolph Daar (SBN 88195)<br>**ATTORNEY AT LAW**<br>506 Broadway Street<br>San Francisco, CA 94133<br>Tel: 415.986.5591<br>Fax: 415.421.1331<br>rdaar@pier5law.com<br><br>Attorneys for Plaintiff,<br>NELSON GONZALES | Paul T. Hammerness (SBN: 90294)<br>John P. Devine (SBN: 170773)<br>**Deputy Attorney General**<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102<br>Tel: 415.703.5522<br>Fax: 415.703.5480<br>John.Devine@doj.ca.gov<br><br>Attorneys for Defendant,<br>MICHAEL NOVOSEL<br><br>Kimberly E. Colwell (SBN: 127604)<br>Tricia L. Hynes (SBN: 212550)<br>**Meyers, Nave, Riback, Silver & Wilson**<br>555 12th Street, Suite 1500<br>Oakland, CA 94607<br>Tel: (510) 808-2000<br>Fax: (510) 444-1108<br>kcolwell@meyersnave.com<br>thynes@myersnave.com<br><br>Attorneys for Defendants,<br>CARLINO, CURMI, BORDIGON, and<br>FUKUSHIMA |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON GONZALES,<br><br>    Plaintiff,<br>v.<br><br>MICHAEL NOVOSEL, R. CARLINO, S. CURMI, A. BORDIGON, J. FUKUSHIMA and DOES 1-25, inclusive.<br><br>    Defendants. | Case No.: CV 07-04720 CRB<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    May 16, 2008<br>Time:   8:30 a.m.<br>Place:   Crtrm 8, 19th Floor |

Plaintiff, NELSON GONZALES and Defendants MICHAEL NOVOSEL, R. CARLINO, S. CURMI, A. BORDIGON, and J. FUKUSHIMA respectfully submit their Supplemental Joint Case Management Conference Statement.

## JURISDICTION AND SERVICE

This action arises under Title 42 of the United States Code § 1983. Jurisdiction is conferred pursuant to Title 28 of the United States Code §§1331 and 1343. The claims alleged herein arose in the County of San Mateo in the State of California. Venue for this action lies in the United States District Court for the Northern District of California. 28 U.S.C. §1391 (b)(2). All parties have been served. Jurisdiction and venue are not in dispute.

## FACTS

### A. PLAINTIFF'S ALLEGATIONS

On or about August 13 and 14, 2006, plaintiff Nelson Gonzales rented a room at the La Quinta hotel in South San Francisco. On the evening of August 14, 2006, he became involved in a dispute with the management regarding payment for the room for a second night. The management called the police.

Defendants R. CARLINO, S. CURMI, A. BORDIGON and J. FUKUSHIMA of the South San Francisco Police Department arrived at the hotel on August 14, 2007 at approximately 9:30 p.m. They entered the room using a management pass key. Plaintiff alleges he was beaten and seriously injured by defendants R. CARLINO, S. CURMI, A. BORDIGON and J. FUKUSHIMA.

Mr. Gonzales was brought to Mills-Peninsula Hospital emergency room at approximately 11:00 p.m. on August 14, 2007. He was admitted to the hospital and treated for psychosis, post-concussive syndrome and other serious injuries. Plaintiff was discharged on the afternoon of August 18, 2006 in a confused, vulnerable and traumatized state.

On August 19, 2006, at approximately 1:00 a.m. (within hours of his release) CHP Officer MICHAEL NOVOSEL attempted to pull over the Honda vehicle the Plaintiff was driving. Plaintiff fled for fear of again being severely beaten. A high-speed chase ensued.

Eventually, Mr. Gonzales' vehicle crashed at a T-intersection at Green Oaks Drive and Oak Groves Avenue in the City of Atherton. His vehicle left the road and became stuck in a rocky wooded area. Defendant NOVOSEL parked his police car behind Mr. Gonzales' car.

Soon after the crash, defendant NOVOSEL approached the driver's door. Gonzales did not respond to NOVOSEL's verbal commands. NOVOSEL fired several shots at close range. Three of the shots entered Mr. Gonzales' body. Plaintiff is permanently paralyzed from mid-chest down as a result of a gun shot to his spine.

### B.     DEFENDANT CHP OFFICER MICHAEL NOVOSEL

While defendant CHP Officer NOVOSEL acknowledges that he shot plaintiff, he otherwise denies Plaintiff's claims. Defendant CHP Officer NOVOSEL asserts that his actions were appropriate and reasonable under the law applicable to the situation he encountered. Moreover, since he was engaged in the lawful performance of the duties at the time of his actions, and due to a pending criminal charge *inter alia* against plaintiff for a violation of California Penal Code section 245 (assault with a deadly weapon, to wit, the vehicle driven by plaintiff), plaintiff's excessive force claim might ultimately be barred. (See *Heck v. Humphrey*, 512 U.S. 477 (1994); see also *Miller v. Whitney*, Case No. 00-0995 CRB, 2000 U.S. Dist. LEXIS 17687, and *Green v. Dunburgh*, Case No. 01-2437 CRB, 2002 U.S. Dist. LEXIS 9473). Finally, defendant CHP Officer NOVOSEL contends that he is immune from any civil litigation or liability for his actions under the doctrine of qualified immunity.

### C.     SOUTH SAN FRANCISCO DEFENDANTS

The South San Francisco Defendants deny Plaintiff's claims and assert that their actions were appropriate and reasonable under the law applicable to the facts that faced these defendants. They further contend that they are immune from prosecution under the doctrine of qualified immunity.

## LEGAL ISSUES

The legal issues in this case involve excessive force in violation of the Fourth Amendment, qualified immunity, and issues of causation. It is unclear at this time whether there will be disputed points of law.

## MOTIONS

The Defendants anticipate bringing motions for summary judgment. In addition, Defendant CHP Officer NOVOSEL intends to request the Court to stay the federal court proceedings, informally at the case management conference or otherwise by formal motion, until the state criminal proceedings against plaintiff are resolved. (*See, Quackenbush v. Allstate Ins. Co.*, 517 U.S 706, 731 (1996) and *Younger v. Harris,* 401 U.S. 37 (1971)). Defendant CHP Officer NOVOSEL also may bring a motion to bifurcate.

## AMENDMENT OF PLEADINGS

None at this time.

## EVIDENCE PRESERVATION

The parties do not anticipate this will be an issue in this case.

## DISCLOSURES

The South San Francisco Defendants have served the Plaintiff and Defendant NOVOSEL with Rule 26 disclosures. The Plaintiff and Defendant NOVOSEL are in the process of complying with the initial disclosure requirements of Rule 26. The parties will amend this statement to include a description of the disclosures made.

## DISCOVERY

The deposition of Defendant NOVOSEL was taken on April 17, 2008. Defendant NOVOSEL seeks to stay discovery until the related criminal case is resolved. The plaintiff has

executed a waiver of his privilege under the 5th Amendment as to the charges pending in the related criminal case.

## CLASS ACTIONS

Not applicable.

## RELATED CASES

There are criminal charges pending against the Plaintiff in the Superior Court, County of San Mateo relating to the incidents out of which this lawsuit arises. The criminal trial is scheduled for July 14, 2008. In addition, the Plaintiff has filed a civil action against the State of California in the Superior Court for the County of San Mateo because of Eleventh Amendment immunity.

## RELIEF

The Plaintiff is seeking general and compensatory damages and punitive damages against the Defendants. The Plaintiff will be required to hire experts in the future to evaluate his damage claims. It is anticipated that these experts will follow protocol generally relied upon by economists, life plan experts and physicians for evaluating damages in this type of case.

## SETTLEMENT AND ADR

The parties have agreed to participate in Early Neutral Evaluation once it is determined that there are no criminal charges pending that will directly impact the claims in this case.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent.

## OTHER REFERENCES

Not at this time.

## NARROWING OF ISSUES

Not applicable at this time.

## EXPEDITED SCHEDULE

Not necessary at this time.

## SCHEDULING

The Plaintiff proposes a trial date of February 23, 2009. Defendant Novosel proposes a trail date of May 18, 2009. The South San Francisco Defendants request a May 2009 trial date because a February trial date will not allow for enough time for the South San Francisco Defendants to complete discovery, file and have heard their summary judgment motion. Trial counsel for the South City Defendants has four trials in March, and plaintiff's counsel has a trial on April 27th. Based on this, the South City Defendants have little choice but to ask for the following schedule: Trial, May 11, 2009; pre-trial conference: April 13, 2009; expert discovery cut off: February 23; last day to hear dispositive motions: January 26; fact discovery cut off: October 13, 2008.

## TRIAL

The case will be tried to a jury. The parties anticipate the trial to last approximately two weeks.

//
//
//
//
//
//

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

None at this time.

DATED: May 6, 2008                     SCOTT LAW FIRM


                                       By:        /s/
                                          John Houston Scott
                                          Attorneys for Plaintiff,
                                          NELSON GONZALES


DATED: May 6, 2008

                                       MEYERS, NAVE, RIBACK, SILVER & WILSON


                                       By:        /s/
                                          Kimberly Colwell
                                          Tricia Hynes
                                          Attorneys for Defendants,
                                          R. CARLINO, S. CURMI, A.
                                          BORDIGON, and J. FUKUSHIMA


DATED: May 6, 2008


                                       By:        /s/
                                          Paul T. Hammerness
                                          John P. Devine
                                          Attorneys for Defendant,
                                          MICHAEL NOVOSEL


F:\Cases\Cases - Active\Gonzales, Nelson\Pleadings\Supplemental Joint CMC Statement.05.02.08.final.doc