1  JAMES P. FOX
   DISTRICT ATTORNEY
2  SAN MATEO COUNTY
   STATE BAR NO. 45169
3  BY: AARON C. FITZGERALD
   DEPUTY DISTRICT ATTORNEY
4  400 COUNTY CENTER
   REDWOOD CITY, CALIFORNIA 94063
5  TELEPHONE: (650) 363-4636

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11
   NELSON GONZALES,                        Case No. C-07-04720 CRB
12
                    Plaintiff,             DECLARATION OF DEPUTY
13                                         DISTRICT ATTORNEY
            v.                             AARON C. FITZGERALD
14
   MICHAEL NOVOSEL, et al.,
15
                    Defendants.
16

17

18      I, Aaron C. Fitzgerald, declare under penalty of perjury under the laws of the State of

19  California as follows:

20

21      1.   I am a Deputy District Attorney for San Mateo County. I am prepared to testify to all

22           of the facts contained in this declaration as within my own personal knowledge.

23  \\\

24  \\\

25  \\\

2.  I am assigned to a criminal prosecution entitled People of the State of California v. Nelson Jose Gonzalez (Superior Court of California, County of San Mateo - Case No. SC065651 & SC065652). A preliminary hearing took place in February 2008, and the defendant Nelson Gonzalez was held to answer on twelve separate criminal counts. Included among these criminal counts are 9 felony counts, which are as follows:

- two violations of California Health & Safety Code §11350(A) - possession of cocaine;

- a violation of California Penal Code §496 - receipt of stolen property;

- a violation of California Penal Code §69 - deterring and prevent executive officer from performing duties by means of threat or violence;

- a violation of California Penal Code §148.1(B) - falsely reporting that a bomb was secreted in a building;

- three violations of California Penal Code §245(c) - assault with a deadly weapon, other than a firearm, by means of force likely to produce great bodily injury; upon a peace officer, and

- violation of California Penal Code §2800.2 - flight from a pursuing peace officer while operating a motor vehicle.

3.  All of the criminal counts arise from the conduct of the defendant between August 14, 2006, and August 19, 2006. I am informed and believe that Mr. Gonzalez's federal civil lawsuit is based upon events that occurred during that same time period.

4.  A criminal trial was scheduled to commence on July 14, 2008. The trial date was continued because of the ill health of Mr. Gonzalez, along with physical problems of his counsel Randy Daar, who I am informed and believe is also representing Mr. Gonzalez in the federal civil lawsuit against law enforcement officers from the South San Francisco Police Department and California Highway Patrol.

\\dnorwc02\users\afitzgerald\Fitzgerald\Jury Trial(s)\P v. Gonzlacz Declaration\Declaration.doc

5. A hearing is currently scheduled for August 6, 2008, to set a new trial date. The People will be asking for a jury trial to be set as soon as possible, hopefully within the next two months. I note, however, that various reported health issues relating to Mr. Gonzalez have substantially impeded the criminal proceedings in the past, and may do so again.

6. Mr. Gonzalez is attempting to depose several of the law enforcement officers, who are percipient witnesses in the criminal matter, for his civil lawsuit. California Penal Code section 1054.5(a) provides the following:

"No order requiring discovery shall be made in criminal cases except as provided in this chapter. This chapter shall be the only the only means by which the defendant may compel the disclosure or production of information from prosecuting attorneys, law enforcement agencies which investigated or prepared the case against the defendant, or any other persons or agencies which the prosecuting attorney or investigating agency may have employed to assist them in performing their duties."

The California Penal Code does not allow for the depositions of law enforcement that are percipient witnesses to criminal activity prior to a criminal trial. As a result, my office and I are very concerned about the discovery process that might be used by Mr. Gonzalez and his attorneys in his federal lawsuit to circumvent the well-established California statutory provisions against such depositions. Therefore, the San Mateo District Attorney's Officer requests that the criminal action proceed to jury trial prior to the deposition of any witnesses necessary in the prosecution of the criminal case.

Executed this 31st day of July 2008, in Redwood City, California.

_____
AARON C. FITZGERALD
Deputy District Attorney
San Mateo District Attorney's Office

\\daorwc02\users\afitzgerald\Fitzgerald\Jury Trial(s)\P v. Gonzlaez Declaration\Declaration.doc