EDMUND G. BROWN JR.
Attorney General of the State of California
TOM BLAKE, State Bar No. 51885
Deputy Attorney General
JOHN P. DEVINE, State Bar No. 170773
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5522
 Fax:  (415) 703-5480
 Email:  John.Devine@doj.ca.gov

Attorneys for Defendant Michael Novosel

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NELSON GONZALES,<br><br>         Plaintiff,<br><br>v.<br><br>MICHAEL NOVOSEL, et al.,<br><br>         Defendants. | Case No.  C-07-04720 CRB<br><br>**DEFENDANT CHP OFFICER NOVOSEL'S SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: August 29, 2008<br>Time: 8:30 a.m.<br>Courtroom: 8 (19th Floor)<br>Judge: Hon. Charles R. Breyer |

**I.**

**THE CURRENTLY SCHEDULED TRIAL DATE OUGHT TO BE CONTINUED**

   The trial for this civil lawsuit is currently set for October 20, 2008.  The criminal trial involving plaintiff is currently scheduled to commence on November 3, 2008.

   Due to a variety of factors, the most important of which is uncompleted discovery, the parties request that the Court continue the trial date. Plaintiff's counsel and defendants' counsel are available for trial on March 10, 2009.  But counsel for the defendants in this lawsuit urge the Court to stay – rather than continue – all the proceedings in this lawsuit, and schedule a case management conference at the conclusion of plaintiff's criminal trial in November.  The reasons

Def. CHP Officer Novosel's Supplemental Case Management Statement      Gonzales v. Novosel, et al.
                                                                       C-07-04720 CRB

1

for defendant CHP Officer Novosel's request of the stay are set forth below.[1]

## II.

### PLAINTIFF NELSON GONZALEZ REPEATEDLY FAILED APPEAR FOR HIS OWN DEPOSITION

In June 2008, plaintiff's counsel requested that special accommodations be made by defendants' counsel for the deposition of plaintiff due to his physical condition. Defendants' counsel acceded to these requests, and agreed to depose plaintiff in Redwood City for periods of two hours per day on various afternoons. Initially, plaintiff's deposition was to take place on June 24 & 26, 2008. But plaintiff's counsel canceled the deposition on June 23, 2008, due to the purported ill-health of his client. The deposition of plaintiff was re-scheduled to take place July 8-10, 2008. Again, plaintiff's counsel canceled the deposition on the afternoon before its scheduled commencement due to the purported ill-health of his client.

At a Case Management Conference on August 1, 2008, the Court stayed discovery as to the law enforcement officers, pending the plaintiff's deposition and until after the August 29 conference.

After the conference, the deposition of plaintiff was re-scheduled yet again, this time for August 12-14, 2008. While plaintiff appeared for two hours of the deposition on August 12, plaintiff's counsel telephoned to cancel the rest of the deposition on August 13 – approximately two hours before the scheduled session – due once again to the purported ill-health of his client.

Counsel for the South San Francisco Police Department defendants was not able to complete her deposition, and counsel for CHP Officer Novosel were not able to even begin to depose plaintiff due to the cancellations.

Defendants are not only inconvenienced by these continual cancellations, especially since time had been set aside on eight different afternoons over a period of three months, but the defendant law enforcement officers are also prejudiced by the repeated cancellations.

---

1. Counsel for defendant CHP Officer Novosel sought to file a joint statement, but they were unable to receive the consent of all the parties to a proposed statement.

## III.

**THE PURPORTED WAIVER OF PLAINTIFF NELSON GONZALEZ'S FIFTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION WAS A SHAM**

As to the incident with the South San Francisco Police Department, the plaintiff testified that he only remembered, and only in the vaguest of terms, that on August 14, 2006, he checked into the La Quinta Inn and at some point a police officer charged at him. (Ex. A - Gonzalez Depo. 53:11-19) Apart from that recollection, such as it is, plaintiff asserted in response to question after question that he had no memory about the salient details of the incident. (Ex. A - Gonzalez Depo. 23:1 - 27:18; 28:22 - 29:24; 42:9 - 25; 48:3 - 49:12; and 57:2 - 59:4) Plaintiff's counsel acknowledged that his client had no recollection of events. (Ex. A - Gonzalez Depo. 46:8-10).

Ultimately, plaintiff's memory is devoid of any facts related to the August 14, 2006 incident. This is not altogether surprising, since the incident is also the subject of currently pending criminal charges, which includes an eight count Information against plaintiff. (Ex. B - Information - *People of the State of California v. Nelson Jose Gonzalez,* Superior Court of California, County of San Mateo - Case No. SC065651).

As importantly, the plaintiff's purported absence of memory reveals that his offer to waive his Fifth Amendment Rights was a sham. Indeed, it was not a waiver, but an utterly empty commitment to testify. Plaintiff must have known that he could not (or would not) say anything about the incident and that consequently nothing could or would be used against him in his criminal proceeding.

As to the subsequent incident involving a high-speed pursuit with defendant CHP Officer Novosel, plaintiff allegedly only recalls smashing into a tree, but nothing of the pursuit itself.[2] Query: how startling is his absence of his recollection where the pursuit resulted in

---

2. Q. At some point after you were released, do you remember getting into a high-speed pursuit with the California Highway Patrol and other potential law enforcement agencies?
   A. I remember hitting – smashing into a tree, being chased – you know, while a car was chasing me, smashing into a tree. But I don't remember the actual pursuit itself.
(Ex. A - Gonzalez Depo. 45:1 - 6).

pending felony charges, including three separate charges of assault with a deadly weapon (i.e., the car plaintiff was driving in oncoming traffic lanes) and felony evading. (Ex. C - Information - *People of the State of California v. Nelson Jose Gonzalez,* Superior Court of California, County of San Mateo - Case No. SC065652).  What is startling, however, is plaintiff's pretense of waiving his Fifth Amendment Rights and impliedly agreeing to give meaningful testimony.

The assumption that plaintiff would waive his Fifth Amendment Rights, ostensibly in some purposeful manner, was wondrously hollow.  Defendant CHP Officer Novosel therefore requests that the current civil proceedings be stayed until the conclusion of the criminal proceedings against plaintiff.

## IV.

**PLAINTIFF'S COUNSEL UNJUSTIFIABLY INTERFERED WITH THE FRAGMENT OF PLAINTIFF'S DEPOSITION THAT DID TAKE PLACE**

At the outset of plaintiff Nelson Gonzalez's deposition on August 12, 2008, his counsel instructed him not to answer questions about anything he had said to his own consultants or experts, asserting a purported work product privilege. (Ex. A - Gonzalez Depo. 10:10-22). Apart from the impropriety of the instruction, it nonetheless begs the question what has plaintiff told his experts or consultants in the past that he is now either failing to recall or unwilling to disclose.

Plaintiff's counsel also instructed his client not to any questions about prior arrests. (Ex. A - Gonzalez Depo. 33:24-34:1; 36:7-24; 39:10-18)   He did so even though the Court ruled at the Case Management Conference less than two weeks earlier that the plaintiff's criminal probation records must be disclosed.  Indisputably, as a colloquy between the Court and plaintiff's counsel at the August 1, 2008 revealed, the past criminal history of plaintiff is a very relevant and salient part of discovery in this lawsuit.  Further, as set out in the Ninth Circuit opinion in *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987), the prior arrest history of a plaintiff is not only discoverable in a § 1983 action, but it is admissible.

//

//

# V.

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT IS NOT ONLY ASTONISHINGLY PREMATURE, NECESSITATING ITS CONTINUANCE, BUT IT IS ALSO AN IMPROPER ATTEMPT TO ELICIT DISCOVERY FROM DEFENDANT IN THE LAWSUIT**

Notwithstanding the fact that plaintiff has been generally unavailable for his deposition for the last three months, plaintiff's counsel filed a motion for partial summary judgment on August 14, 2008 against defendant CHP Officer Michael Novosel. (Defendant's counsel will file an affidavit requesting the denial or continuance of plaintiff's motion in accordance with Federal Rules of Civil Procedure Rule 56(f) by the Case Management Conference on August 29.)

The denial or continuance will be sought because as previously discussed the deposition of plaintiff has not taken place. Moreover, the results of the criminal prosecution against plaintiff can be expected to rebut plaintiff's allegation that he had not been "involved in any act of violence" immediately prior to the shooting. (Pl. Motion for Summary Judgment p. 8, line 20-21). More broadly, the criminal trial or plea bargain will illuminate the actual threat posed by plaintiff during and after the pursuit. As previously mentioned, three separate charges of assault with a deadly weapon (*i.e.*, the car plaintiff was driving in oncoming traffic lanes) are pending against plaintiff. (Ex. C - Information - *People of the State of California v. Nelson Jose Gonzalez,* Superior Court of California, County of San Mateo - Case No. SC065652).

## CONCLUSION

For the reasons set out above, counsel for defendant CHP Officer Novosel respectfully request that the Court vacate the trial date, stay the proceedings, and set a new Case Management Conference on November 21, 2008.

Def. CHP Officer Novosel's Supplemental Case Management Statement    Gonzales v. Novosel, et al.
C-07-04720 CRB

5

1  Dated:  August 27, 2008.

3              Respectfully submitted,

4              EDMUND G. BROWN JR.
               Attorney General of the State of California

6              /s/ John P. Devine
               JOHN P. DEVINE
7              Deputy Attorney General

8              Attorneys for Defendant Michael Novosel

12 Novosel Supplemental CMS.wpd
   SF2007403115

---

Def. CHP Officer Novosel's Supplemental Case Management Statement                Gonzales v. Novosel, et al.
                                                                                 C-07-04720 CRB