John Houston Scott (SBN 72578)
Lizabeth N. de Vries (SBN 227215)
**SCOTT LAW FIRM**
1375 Sutter, Suite 222
San Francisco, CA 94109
Tel: 415.561.9600
Fax: 415.561.9609


Randolph Daar (SBN 88195)
**ATTORNEY AT LAW**
506 Broadway Street
San Francisco, CA 94133
Tel: 415.986.5591
Fax: 415.421.1331

Attorneys for Plaintiff,
NELSON GONZALES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON GONZALES,<br><br>　　　　Plaintiff,<br>v.<br><br>MICHAEL NOVOSEL, R. CARLINO, S. CURMI, A. BORDIGON, J. FUKUSHIMA and DOES 1-25, inclusive.<br><br>　　　　Defendants. | Case No.: CV 07-04720 CRB (JL)<br><br>**PLAINTIFF'S SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:　August 29, 2008<br>Time:　8:30 a.m.<br>Place:　Courtroom 8, 19th floor<br>Judge: Hon. Charles R. Breyer |

## I. TRIAL DATE

The currently scheduled trial date should be continued for several reasons. There is substantial discovery remaining to be done by all of the parties and the plaintiff will not be able to conduct further discovery until his deposition has been completed. The parties would be available for trial on March 10, 2009.

- 1 -
PLAINTIFF'S SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT

## II. PLAINTIFF'S APPEARANCE FOR DEPOSITION

The plaintiff did appear for deposition on August 12, 2008 for approximately three hours. The plaintiff intended to appear the following day for further deposition. However, he was told by his physician that he could not continue his deposition the next day because of an infection to his foot. The plaintiff has proposed continuing his deposition on September 9 and 10, 2008.

Notably, the plaintiff was hospitalized for several months following the shooting. Since his initial release he has been re-hospitalized on numerous occasions over the last two years for a variety of reasons. On several occasions he was re-hospitalized because of extensive bed sores requiring flap surgery. Plaintiff has also been hospitalized for infections to his back. On several occasions the plaintiff has been instructed by his physician not remain "sitting up" for a deposition for health reasons. Plaintiff's counsel has proposed that his deposition be conducted at his bedside. The plaintiff continues to take large doses of morphine on a daily basis for pain.

## III. PLAINTIFF'S AMENSIA

On or about August 13 and 14, 2006, plaintiff Nelson Gonzales rented a room at the La Quinta hotel in South San Francisco. On the evening of August 14, 2006, he became involved in a dispute with the management regarding payment for the room for a second night. The management called the police.

Defendants R. Carlino, S. Curmi, A. Bordigon and J. Fukushima of the South San Francisco Police Department arrived at the hotel on August 14, 2007 at approximately 9:30 p.m. It was obvious that Mr. Gonzales was experiencing mental and emotional problems. He was in a confused and vulnerable state.

The police entered the room using a management pass key. The police rushed *en masse* at Gonzales and physically attacked him. Mr. Gonzales was seriously injured. According to the

South San Francisco Police Report (pg. 6) at the the officers struggled with Mr. Gonzales to subdue him Officer Curmi "delivered four to six closed fist distraction blows to Gonzales' face and head with his right hand." Shortly thereafter: "Fearing that Gonzales was going to stand up again, I (Curmi) attempted to deliver a single knee strike with my right knee to Gonzales' right shoulder and collar bone area. As I was in the process of delivering the knee strike, Gonzales quickly moved his head and my knee struck him on the top of his head."

The injuries were extensive. Mr. Gonzales was brought to Mills-Peninsula Hospital emergency room at approximately 11:00 p.m. He was later admitted. On August 18, 2006, Gonzales was released from the hospital with a discharge diagnosis of (1) amnesia; (2) psychotic depression; and (3) cocaine intoxication. The discharge report states that Mr. Gonzales' **"amnesia was likely due to a post concussive syndrome after having trauma to his head...."** (See Medical Record attached hereto as **Exhibit A**.)

On August 19, 2006, at approximately 1:00 a.m. (within hours of his release) CHP Officer Michael Novosel attempted to pull over the Honda Civic Mr. Gonzales was driving. Because of the recent beating by the South San Francisco defendants Gonzales fled. Mr. Gonzales attempted to escape for fear of again being severely beaten.

A high-speed chase ensued. Eventually, Mr. Gonzales' vehicle crashed at a T-intersection at Green Oaks Drive and Oak Groves Avenue in the City of Atherton. His vehicle left the road and became stuck in a rocky wooded area. Defendant NOVOSEL parked his police car behind Mr. Gonzales' car, preventing any exit. Defendant Novosel approached the driver's door. Gonzales did not respond to Novosel's verbal commands. Novosel fired five shots at close range. One of the bullets shattered Gonzales' spine.

### IV. PLAINTIFF'S COUNSEL MADE PROPER OBJECTIONS

During the plaintiff's deposition on August 12th plaintiff's counsel informed defendant's counsel that he would be asserting a work product privilege as to any communications the plaintiff had with consultants who had yet to be disclosed as experts. Once experts are disclosed,

they can be deposed regarding any contact or communications they had with the plaintiff.

In addition, plaintiff's counsel, John Scott, also objected to any questions regarding prior arrests as being protected by the plaintiff's right to privacy. As a general rule evidence of prior "bad acts" and arrests are inadmissible. Fed. R. Evid. 404(b). One exception to that rule is felony convictions. Fed. R. Evid. 609.

In certain limited circumstances a plaintiff's prior arrest history may be discoverable and admissible. *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987). In that case the Ninth Circuit held that it was not an abuse of discretion for the trial court to admit evidence of prior arrests on the issue of the plaintiff's bias against the Newport Beach Police. In that case the plaintiff had had prior contacts with the Newport Beach Police. The plaintiff was also alleging false arrest.

In this case, the plaintiff did not have prior contact with the CHP, nor has he brought a claim for a false arrest. It is hard to imagine how any "bias" that may exist toward police as a result of prior arrests could be relevant to plaintiff's excessive force claim against CHP Officer Novosel. Plaintiff was shot in the back, at close range, while sitting in his crashed Honda Civic.

In addition, simply because this Court has allowed discovery of probation records which refer to prior arrests does not mean that the plaintiff can be deposed regarding prior arrest that did not result in a felony conviction. This is an issue that should be appropriately addressed in a discovery motion and plaintiff welcomes the opportunity to brief it at that time.

**V. THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY ADJUDICATION**

Plaintiff's motion is not premature. It is timely for a simple reason – it is based entirely on the deposition testimony of defendant Novosel. The only other known witness to the shooting is the plaintiff and he has no memory.

Hypothetically, if the plaintiff did give testimony that contradicted that of Officer

Novosel it might raise a credibility dispute. However, defendant Novosel is unable to articulate what testimony he expects to get from the plaintiff that will assist him in opposing the plaintiff's pending motion. Defendant Novosel has the opportunity and ability to obtain declarations from all other law enforcement officers who are potential witnesses to the shooting. The plaintiff's "amnesia" does not prevent Officer Novosel from opposing a motion that is based entirely on his own testimony.

## VI. CONCLUSION

The plaintiff also requests that the Court vacate the trial date and set a new Case Management Conference on November 21, 2008. The plaintiff also requests that he be given the opportunity to complete his deposition so that he can conduct further discovery in this case once his deposition has been completed.

SCOTT LAW FIRM

Dated:  August 27, 2008

By: _____
JOHN HOUSTON SCOTT,
Attorneys for Plaintiff NELSON GONZALES

F:\Cases\Cases - Active\Gonzales, Nelson\Pleadings\Supplemental Case Management Conference Statement.08.27.08.doc

# EXHIBIT A

HEALTH SERVICES          MR #: 01348428        RM/BD: 2522-P
                         NAME: GONZALEZ, Nelson
Peninsula Hospital       ADMIT: 08/15/06    DISCH DATE: 08/18/06    AGE: 38
                         REPORT: DISCHARGE SUMMARY
                         MD: ALLEN, ANTHONY

DISCHARGE DIAGNOSIS:
1. Amnesia.
2. Psychotic depression.
3. Cocaine intoxication.

COURSE IN HOSPITAL: This is a 38-year-old male who was brought in by the police department due to a domestic disturbance at which time he was screaming violent threats and was obviously in a psychotic state. He was found to have cocaine in his urine and he was admitted for observation. Upon becoming more alert, the patient was interrogated about the recent past and he was unable to tell me anything that had happened in the recent and remote history. At that point, I diagnosed the patient with a complete amnesia which turned into a transient amnesia syndrome. As the days went by, the patient began recollecting more and more about his life and about the recent past. He was seen by the Psychiatric Emergency Services who believed that he had depression but was not suicidal. It was thought that the patient has a polysubstance abuse disorder. The patient's amnesia was likely due to a postconcussive syndrome after having trauma to his head, which he says was a police baton. Patient had headaches and trouble concentrating, and this, combined with his memory lapses, is consistent with a postconcussive injury.

CONDITION ON DISCHARGE: The patient was discharged home in stable condition.

DISPOSITION: He is being discharged under his mother's guidance, and he agrees to call his psychiatrist as an outpatient and to have ongoing psychotherapy and possible institution of pharmacotherapy for his emotional disorder.

DISCHARGE MEDICATIONS: None.

DIET: Is regular.

ACTIVITY: As tolerated.


Job#:    197355/161274/18043
DD:      09/11/2006 17:11:21
DT:      09/12/2006 20:13:18


Name: GONZALEZ, Nelson
Verified By: ANTHONY ALLEN MD         MR#:  01348428
Page: 1                                Date/Time: 13Sep2006 17:19