EDMUND G. BROWN JR.
Attorney General of the State of California
TOM BLAKE, State Bar No. 51885
Deputy Attorney General
JOHN P. DEVINE, State Bar No. 170773
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5522
 Fax:  (415) 703-5480
 Email:  John.Devine@doj.ca.gov

Attorneys for Defendant CHP Officer Michael Novosel

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **NELSON GONZALES,**<br><br>    Plaintiff,<br><br>v.<br><br>**MICHAEL NOVOSEL, et al.,**<br><br>    Defendants. | Case No.  C-07-04720 CRB<br><br>**DECLARATION OF DEPUTY ATTORNEY GENERAL JOHN P. DEVINE IN SUPPORT OF REQUEST FOR DENIAL OR CONTINUANCE OF MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER FRCP 56(f)**<br><br>Date: September 19, 2008<br>Time: 10:00 a.m.<br>Courtroom  8 (19th Flr.)<br>Judge:  Honorable Charles R. Breyer |

I, John P. Devine, declare as follows:

1.   I am a  Deputy Attorney General for the California Attorney General's Office.  I am prepared to testify to all of the facts contained in this declaration as within my own personal knowledge.

2.   The California Attorney General's Office represents defendant CHP Officer Michael Novosel in this lawsuit, which involves allegations that he used excessive force in shooting the plaintiff on August 19, 2006.  Another Deputy Attorney General, Tom Blake, and I have been assigned to provide legal representation to defendant CHP Officer Novosel.

3. I am informed and believe that plaintiff has been held to answer for various violent felonies, and a criminal prosecution against him scheduled to commence on November 3, 2008. (*People of the State of California v. Nelson Jose Gonzalez,* Superior Court of California, County of San Mateo - Case Nos.SC06565 & SC065652). Further, I am informed and believe that the criminal prosecution includes three separate charges of assault with a deadly weapon (*i.e.*, the car plaintiff was driving in oncoming traffic lanes) that occurred during the pursuit of plaintiff by defendant CHP Officer Novosel. The results of the criminal prosecution against plaintiff can be expected to rebut plaintiff's allegation in his motion for partial summary judgment that he had not been "involved in any act of violence" immediately prior to the shooting. (Pl. Motion for Summary Judgment p. 8, line 20-21). More broadly, the criminal trial or plea bargain will illuminate the actual threat posed by plaintiff, as well as his attempt to resist and evade arrest, during the pursuit.

3. Plaintiff's deposition was commenced and then abruptly canceled by plaintiff's counsel earlier this month. Indeed, defendant's counsel attempted to depose plaintiff on three separate occasions in the last three months (June 24 & 26, July 8-10, and August 12-14). Repeated last minute cancellations of these scheduled depositions by plaintiff's counsel have prevented the deposition from going forward, except for a short session about events by counsel for the other defendants on August 12, 2008.

4. The deposition of plaintiff is anticipated to assist in demonstrating the severity of the crime and other circumstances that necessitated the response by defendant CHP Officer Novosel. The deposition will further clarify the immediate threat that plaintiff posed to CHP Officer Novosel, other law enforcement officers, and the public in general. It is also anticipated that the deposition will provide further details into plaintiff's attempts to evade and resist arrest.

5. Due to the lack of discovery, including but not limited to plaintiff's failure to appear for his own deposition, the efforts by counsel for defendant CHP Officer Novosel to solicit and obtain expert consultation and opinion has been substantially impaired. For instance, plaintiff's motion for partial summary judgment alleges that "[CHP Officer Novosel] shot a suspect he knew to unarmed in the back five times at close range." (Pl. Motion for Summary Judgment p.

Decl. of J. Devine in Supp. of Req. for Denial or Cont. of Pl. Mot. for Summ. Judgment   Gonzales v. Novosel, et al.
C-07-04720 CRB

2

9, line 7-8). Initially it bears mention that no evidence is cited in the moving papers to support the argument that CHP Officer Novosel knew plaintiff to be unarmed. More importantly, plaintiff's counsel most recently averred that "Novosel fired five shots at close range. One of the bullets shattered Gonzales' spine." (Pl. Supp. CMC Statement p. 3, lines 20-21). Obviously, an expert might be able to opine on this important point going directly to the amount of forced used, and contradict plaintiff's allegation in his motion for partial summary judgment – as plaintiff's counsel himself has already done in his recent supplemental Case Management Conference Statement – about being shot in the back five times.

6. On August 1, 2008, the Court stayed discovery as to the officers pending plaintiff's deposition and until after the August 29 Case Management Conference. Defendant CHP Officer Novosel does have the opportunity to obtain declarations from the other law enforcement officers, who were percipient witnesses. But in doing so, he simply provides plaintiff the opportunity to do an end run around the Court's stay of discovery. One way to view plaintiff's motion for partial summary judgment is that, since the plaintiff cannot currently obtain discovery from the law enforcement officers, he has filed the motion to obtain declarations and other evidence by way of a response to his premature motion for partial summary judgment.

7. The deposition of plaintiff, the consultation with experts, the declarations of percipient law enforcement witnesses might all be used to show that the force used by CHP Officer Novosel against plaintiff was reasonable and justified under the all the circumstances.

8. For these reasons, I believe that the interests of a fair proceeding for my client would be served by a denial or a continuance of plaintiff's motion for partial summary judgment.

I declare under penalty of perjury that the foregoing is true and correct. Executed in San Francisco, California on August 28, 2008.

   /s/ John P. Devine
JOHN P. DEVINE
Deputy Attorney General

Decl. of J. Devine in Supp. of Req. for Denial or Cont. of Pl. Mot. for Summ. Judgment    Gonzales v. Novosel, et al.
C-07-04720 CRB

3