IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NELSON GONZALES,

    Plaintiff,

  v.

MICHAEL NOVOSEL,

    Defendant.

No. C 07-04720 CRB

**ORDER**

Plaintiff Nelson Gonzales has filed a motion for partial summary judgment on his claim for excessive force, which Defendant Michael Novosel opposes pursuant to Federal Rule of Civil Procedure 56(f) on the ground that he cannot present evidence essential to oppose summary judgment.

Rule 56(f) provides that "[s]hould it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated" present evidence essential to oppose summary judgment, the trial court may deny the motion for summary judgment or continue the hearing to allow for needed discovery. In making a Rule 56(f) request, a party opposing summary judgment "must make clear what information is sought and how it would preclude summary judgment." Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). The party seeking additional discovery must also explain its inability to presently provide the evidence it seeks to discover; that is, it must

1   show that it previously exercised due diligence to obtain the evidence it now seeks a
2   continuance to obtain. <u>Brae Trans., Inc. v. Coopers & Lybrand</u>, 790 F.2d 1439, 1442-43 (9th
3   Cir. 1986).

4    Novosel's counsel has submitted a declaration contending that because Plaintiff
5   cancelled his deposition after three hours, Defendants have been unable to obtain necessary
6   evidence bearing on the severity of Plaintiff's crime and his resistance to arrest, through no
7   fault of their own. Excessive force claims turn on whether the "totality of the circumstances"
8   justified the officer's use of force. See <u>Curnow By and Through Curnow v. Ridgecrest</u>
9   <u>Police</u>, 952 F.2d 321, 325 (9th Cir. 1991). The Court agrees with Defendant that Plaintiff
10  must submit to a full deposition before Defendant can be expected to properly refute the
11  arguments made in Plaintiff's summary judgment motion.

12    Accordingly, the motion for partial summary judgment is DENIED without prejudice.
13  **IT IS SO ORDERED.**



Dated:  August 29, 2008          CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE