Kimberly E. Colwell (SBN: 127604)
kcolwell@meyersnave.com
Tricia L. Hynes (SBN: 212550)
thynes@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
SERGEANT RON CARLINO, OFFICER SEAN CURMI,
CORPORAL ANTHONY BORDIGON and OFFICER JASON FUKUSHIMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON GONSALES,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL NOVOSEL, R. CARLINO, S. CURMI, A. BORDIGON, J. FUKUSHIMA; and DOES 1 to 25, inclusive,<br><br>    Defendants. | Case No:   C07-04720 CRB (JL)<br><br>**DECLARATION OF CORPORAL ANTHONY BORDIGON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY ADJUDICATION OF THE ISSUES**<br><br>DATE:    October 10, 2008<br>TIME:    10:00 a.m.<br>DEPT:    Courtroom 8, 19th Floor |

I, OFFICER ANTHONY BORDIGON, declare as follows:

1. I am a Police Officer for the City of South San Francisco Police Department, and have been so employed since 1995. If called to testify, I could and would competently testify as to the facts within this Declaration, based on my personal knowledge.

2. Attached hereto as exhibit 1 is a true and correct copy of my police report from the incident that took place at 20 Airport Blvd., South San Francisco, on August 14, 2006 involving Plaintiff.

3. On 8/14/06 at approximately 2120 hours, I responded to the La Quinta hotel for a report of a subject refusing to leave or pay for the room he was occupying. The subject was identified at Nelson Gonzalez. Gonzales was occupying room number 445. Gonzales refused to open the room door. Gonzales also refused to leave. I informed Gonzales that if he didn't open the door that we would enter the room with the permission of the hotel. I informed Gonzales he was trespassing and all that he needed to do was to pack his belongings and leave. Gonzales continued to debate with me about his ability to stay in the room. I informed Gonzales again that if refused to open the door on his own that I would open it and enter the room. Gonzales replied, "I have gun. You don't want to come in here. I'm trying to save your life." I called for additional police units. Sergeant Carlino and Officer McHale arrived. Again Gonzales was ordered to open the door and he refused.

4. Sergeant Carlino and I forced the room door open. Gonzales was pushing against the door from inside the room. Gonzales screamed, "I have a lot of dynamite in here! If you come in, I have enough to blow us all up!" We were able to open the door completely. Gonzales had all of the lights turned off inside the room. When we entered Gonzales began swinging his fists wildly at Sergeant Carlino and I. Sergeant Carlino, Officer Curmi, Officer Fukushima and I struggled with Gonzales for approximately five minutes. Gonzales was struggling wildly and it took all four of us to hold him down. I was able to get to my hand held radio and I summoned Officer McHale up to the room. Officer McHale was on the outside of the hotel, observing Gonzales's room via the window. Once Officer McHale arrived in the room, we were able to control Gonzales's arms long enough to place handcuffs on him.

5. I learned that OC spray was used on Gonzales. I grabbed a towel from the bathroom and soaked it in cold water and washed Gonzales's face with it. After he was handcuffed, Gonzales was placed in a body Wrap. The SSFFD paramedics responded at our request and washed Gonzales's eyes with a saline solution. The paramedics transported Gonzales to Mills-Peninsula Hospital for treatment and medical clearance for booking purposes. I followed the paramedics in my police vehicle to the Hospital.

6. After Gonzales was physically restrained he continued to talk to himself. He began talking like a small child saying something to the effect: "Nelson sleepy. Nelson sleepy." "I love you Nelson." "God loves you Nelson." "Nelson. you're my guardian angel."

7. Based on my training and experience and my observations of Gonzales, I formed the opinion that he was under the influence of a controlled substance (a stimulant). Gonzales's rationalization while speaking with him was disjointed and unintelligible. He was very paranoid about coming out of his room or allowing the police or hotel staff to enter his room. The violent manner and length of time that he physically struggled with four police officers was extraordinary.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED this 12th day of September, 2008 in Oakland, California.

_____/S/_____
Anthony Bordigon

1145565.1