1  Kimberly E. Colwell (SBN: 127604)
   kcolwell@meyersnave.com
2  Tricia L. Hynes (SBN: 212550)
   thynes@meyersnave.com
3  MEYERS, NAVE, RIBACK, SILVER & WILSON
   555 12th Street, Suite 1500
4  Oakland, CA 94607
   Telephone: (510) 808-2000
5  Facsimile: (510) 444-1108

6  Attorneys for Defendants
   OFFICER RON CARLINO, OFFICER SEAN CURMI,
7  OFFICER ANTHONY BORDIGON and OFFICER JASON FUKUSHIMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON GONZALES, | Case No: C07-04720 CRB (JL) |
| Plaintiff, | **[Proposed] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION** |
| v. | |
| MICHAEL NOVOSEL, R. CARLINO, S. CURMI, A. BORDIGON, J. FUKUSHIMA and DOES 1-25, inclusive, | |
| Defendants. | DATE: October 10, 2008<br>TIME: 10:00 a.m.<br>DEPT: Courtroom 8, 19th Floor<br>JUDGE: Hon. Charles R. Breyer |

1   This matter came before this Court pursuant to notice on October 10, 2008. Moving parties OFFICER R. CARLINO, OFFICER S. CURMI, OFFICER A. BORDIGON and OFFICER J. FUKUSHIMA appeared through their counsel Kimberly E. Colwell and Tricia L. Hynes of Meyers, Nave, Riback, Silver & Wilson. Plaintiff NELSON GONZALES appeared through his counsel, Randy Daar and John Scott.

The Court has read and considered Defendants' pleadings, evidence and oral argument in support of and in opposition to Defendants' Motion for Summary Judgment. Having reviewed the papers submitted by the parties, listened to oral argument, and good cause appearing therefore,

The matter having been fully argued, submitted and considered,

IT IS HEREBY ORDERED AS FOLLOWS:

Defendants' Motion for Summary Judgment shall be, and hereby is, granted for the following reasons:

1. Defendants are entitled to summary judgment on plaintiff's First and Only Cause of Action:

　　A.　The Officers had probable cause to enter the Hotel Room and detain Mr. Gonzales, who had locked himself into a La Quinta Inn Hotel room that he refused to pay for or vacate voluntarily;

　　B.　The Officers used only that force which was reasonable under the totality of the circumstances—Mr. Gonzales appeared to be high on illegal drugs, threatened to shoot the Officers, threatened to blow up the Hotel with dynamite and punched and fought the Officers as they were attempting to bring him into custody;

　　C.　No Officer acted in willful disregard of Mr. Gonzales's rights, nor was any Officer plainly incompetent;

　　D.　Reasonable officers in these Officers' position would have thought the amount of force used was reasonable and necessary under the totality of the circumstances—each officer utilized approved police tactics in direct response to provocation of Mr. Gonzales.

2. Plaintiff is legally precluded from pursuing a claim of excessive force under the Due Process clause of the Fourteenth Amendment; and

3. CHP Officer Novosel's shooting of Mr. Gonzales immediately following on the heels of a high speed vehicle pursuit is a superseding intervening event which constitutes a break in the causation chain to any alleged nexus to his incident with the City of South San Francisco Officers which occurred five days earlier because it is unforeseeable that such events would occur.

IT IS SO ORDERED.

Dated: _____

_____
HONORABLE CHARLES R. BREYER

1147044.1