1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   NELSON GONZALES,                         No. C 07-04720 CRB

12                Plaintiff,                   **Proposed Jury Instructions**

13       v.

14   MICHAEL NOVOSEL,

15                Defendant.
                                              /
16   _____

17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

1

### DUTIES OF THE JURY TO FIND FACTS AND FOLLOW LAW

2      Members of the jury: You are now the jury in this case.  It is my duty to instruct you

3  on the law.

4      It is your duty to find the facts from all the evidence in the case. To those facts you

5  will apply the law as I give it to you. You must follow the law as I give it to you whether you

6  agree with it or not. You must not be influenced by any personal likes or dislikes, opinions,

7  prejudices, or sympathy. That means that you must decide the case solely on the evidence

8  before you. You will recall that you took an oath promising to do so at the beginning of the

9  case.

10     In following my instructions, you must follow all of them and not single out some and

11  ignore others; they are all equally important. You must not read into these instructions or into

12  anything the court may have said or done any suggestion as to what verdict you should

13  return--that is a matter entirely up to you.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

2

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

Plaintiff Nelson Gonzales claims that Defendant California Highway Patrol Officer Michael Novosel used excessive force in his contact with the Plaintiff on August 19, 2006. Plaintiff has the burden of proving these claims.

The defendant denies these claims and contends that he was authorized to use force against the plaintiff and that force used was reasonable under the circumstances.

The plaintiff denies the defendant's defenses.

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  For example, if a witness sees a jet in the sky, that is direct evidence of the jet.  If, on the other hand, the witness sees the white jet trail crossing the sky, that is circumstantial evidence of the jet.  You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**United States District Court**
For the Northern District of California

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**United States District Court**
For the Northern District of California

# CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.  Nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the court clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

# OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what the party expects that the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**United States District Court**
For the Northern District of California

1

**BENCH CONFERENCES AND RECESSES**

2  From time to time during the trial, it may become necessary for me to talk with the

3  attorneys out of the hearing of the jury, either by having a conference at the bench when the

4  jury is present in the courtroom, or by calling a recess.  Please understand that while you are

5  waiting, we are working.  The purpose of these conferences is not to keep relevant

6  information from you, but to decide how certain evidence is to be treated under the rules of

7  evidence and to avoid confusion and error.

8  Of course, we will do what we can to keep the number and length of these conferences

9  to a minimum.  I may not always grant an attorney's request for a conference.  Do not

10  consider my granting or denying a request for a conference as any indication of my opinion

11  of the case or of what your verdict should be.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## STIPULATIONS OF FACT

2      The parties have agreed to certain facts that will be read to you.  You should therefore

3 treat these facts as having been proved.

**United States District Court**
For the Northern District of California

1

### DEPOSITION IN LIEU OF LIVE TESTIMONY

2       A deposition is the sworn testimony of a witness taken before trial. The witness is

3   placed under oath to tell the truth and lawyers for each party may ask questions. The

4   questions and answers are recorded. When a person is unavailable to testify at trial, the

5   deposition of that person may be used at the trial.

6       You should consider deposition testimony, presented to you in court in lieu of live

7   testimony, insofar as possible, in the same way as if the witness had been present to testify.

8   Do not place any significance on the behavior or tone of voice of any person reading the

9   questions or answers.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**LAW APPLICABLE TO PLAINTIFF'S CAUSE OF ACTION- INTRODUCTION**

I will now instruct you on the law as it applies to the specific causes of action brought by the plaintiff.  There is one plaintiff in this action: Nelson Gonzales.  There is one defendant is this action: Officer Michael Novosel.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY- ELEMENTS AND BURDEN OF PROOF

In order to prevail on his Section 1983 claim against defendant Novosel, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  The defendant acted under color of law; and

2.  The acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the defendant acted under color of law.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all of the elements required, your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

United States District Court
For the Northern District of California

**EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that defendant Officer Novosel used excessive force on plaintiff Nelson Gonzales.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. The severity of the crime or other circumstances to which the officer was responding;

2. Whether the plaintiff posed an immediate threat to the safety of the officer or to others;

3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

6. The availability of alternative methods to restrain or subdue the plaintiff; and

7.  The surrounding environment at the time of the shooting.

1

2

**FLIGHT FROM A PEACE OFFICER WITH A DISREGARD
FOR THE SAFETY OF OTHERS**

3

4

5

6

7

It is against the law for any person who, while operating a motor vehicle and with the intent to evade, willfully flees in a willful or wanton disregard for the safety of persons or property.  A willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time the driver commits at least three traffic violations or damage to property occurs.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

**JUSTIFIABLE SHOOTING**

The defendant asserts that his use of deadly force against the plaintiff was justifiable. The use of deadly force by an officer is justifiable if there are circumstances which reasonably create a fear of death or serious bodily harm to the officer or to another.

If you find that the plaintiff's actions reasonably created a fear of death or serious bodily harm to the defendant or to another, you must find that the defendant's use of deadly force against the plaintiff was justified.

1

**DUTY TO DELIBERATE**

2      When you begin your deliberations, you should elect one member of the jury as your

3  presiding juror.  That person will preside over the deliberations and speak for you here in

4  court.

5
       You will then discuss the case with your fellow jurors to reach agreement if you can
6  do so. Your verdict must be unanimous.

7
       Each of you must decide the case for yourself, but you should do so only after you
8  have considered all of the evidence, discussed it fully with the other jurors, and listened to

9  the views of your fellow jurors.

10
       Do not be afraid to change your opinion if the discussion persuades you that you
11  should. Do not come to a decision simply because other jurors think it is right.

12
       It is important that you attempt to reach a unanimous verdict but, of course, only if
13  each of you can do so after having made your own conscientious decision. Do not change an

14  honest belief about the weight and effect of the evidence simply to reach a verdict.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court clerk signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Dated:    November 4, 2008

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California