1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   NELSON GONZALES,                         No. C 07-04720 CRB

12           Plaintiff,                        **FINAL JURY INSTRUCTIONS**

13   v.

14   MICHAEL NOVOSEL,

15           Defendant.

16   _____/

17

18

19

20

21

22   Dated:      November 6, 2008          _____

23                                          CHARLES R. BREYER

24                                          UNITED STATES DISTRICT JUDGE

25

26

27

28

**United States District Court**
For the Northern District of California

**DUTIES OF THE JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return--that is a matter entirely up to you.

1

**CLAIMS AND DEFENSES**

2          To help you follow the evidence, I will give you a brief summary of the positions of

3    the parties.

4          Plaintiff Nelson Gonzales claims that Defendant California Highway Patrol Officer

5    Michael Novosel used excessive force in his contact with the Plaintiff on August 19, 2006.

6    Plaintiff has the burden of proving these claims.

7          The defendant denies these claims and contends that he was authorized to use force

8    against the plaintiff and that force used was reasonable under the circumstances.

9          The plaintiff denies the defendant's defenses.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court

For the Northern District of California

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

**United States District Court**
For the Northern District of California

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. For example, if a witness sees a jet in the sky, that is direct evidence of the jet. If, on the other hand, the witness sees the white jet trail crossing the sky, that is circumstantial evidence of the jet. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

1

**CREDIBILITY OF WITNESSES**

2      In deciding the facts in this case, you may have to decide which testimony to believe

3 and which testimony not to believe. You may believe everything a witness says, or part of it,

4 or none of it.

5      In considering the testimony of any witness, you may take into account:

6      (1) the opportunity and ability of the witness to see or hear or know the things testified

7      to;

8      (2) the witness' memory;

9      (3) the witness' manner while testifying;

10      (4) the witness' interest in the outcome of the case and any bias or prejudice;

11      (5) whether other evidence contradicted the witness' testimony;

12      (6) the reasonableness of the witness' testimony in light of all the evidence; and

13      (7) any other factors that bear on believability.

14      The weight of the evidence as to a fact does not necessarily depend on the number of

15 witnesses who testify.

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

# STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

1

## EXPERT OPINION

2       Some witnesses, because of education or experience, are permitted to state opinions

3   and the reasons for those opinions.

4       Opinion testimony should be judged just like any other testimony. You may accept it

5   or reject it, and give it as much weight as you think it deserves, considering the witness'

6   education and experience, the reasons given for the opinion, and all the other evidence in the

7   case.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

**CHARTS AND SUMMARIES IN EVIDENCE**

2        Certain charts and summaries may be received into evidence to illustrate information

3   brought out in the trial.  Charts and summaries are only as good as the underlying evidence

4   that supports them.  You should, therefore, give them only such weight as you think the

5   underlying evidence deserves.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1  **LAW APPLICABLE TO PLAINTIFF'S CAUSE OF ACTION- INTRODUCTION**

2  I will now instruct you on the law as it applies to the specific causes of action brought

3  by the plaintiff.  There is one plaintiff in this action: Nelson Gonzales.  There is one

4  defendant is this action: Officer Michael Novosel.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY-ELEMENTS AND BURDEN OF PROOF

In order to prevail on his Section 1983 claim against defendant Novosel, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  The defendant acted under color of law; and

2.  The acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the defendant acted under color of law.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all of the elements required, your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**United States District Court**
For the Northern District of California

### EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that defendant Officer Novosel used excessive force on plaintiff Nelson Gonzales.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. The severity of the crime or other circumstances to which the officer was responding;

2. Whether the plaintiff posed an immediate threat to the safety of the officer or to others;

3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

6. The availability of alternative methods to restrain or subdue the plaintiff; and

7. The surrounding environment at the time of the shooting.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FLIGHT FROM A PEACE OFFICER WITH A DISREGARD
FOR THE SAFETY OF OTHERS**

It is against the law for any person who, while operating a motor vehicle and with the intent to evade, willfully flees in a willful or wanton disregard for the safety of persons or property.  A willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time the driver commits at least three traffic violations or damage to property occurs.

17

1

## JUSTIFIABLE SHOOTING

2

      The defendant asserts that his use of deadly force against the plaintiff was justifiable.

3

The use of deadly force by an officer is justifiable if there are circumstances which

4

reasonably create a fear of imminent death or serious bodily harm to the officer or to another.

5

      If you find that the plaintiff's actions reasonably created a fear of imminent death or

6

serious bodily harm to the defendant or to another, you must find that the defendant's use of

7

deadly force against the plaintiff was justified.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court clerk signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1

**RETURN OF VERDICT**

2

A verdict form has been prepared for you.  After you have reached unanimous

3

agreement on a verdict, your presiding juror will fill in the form that has been given to you,

4

sign and date it, and advise the court that you are ready to return to the courtroom.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California